IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:25-cv-00254-NYW-TPO

FW-CO, INC.,
d/b/a Fortis Warranty

          Plaintiff,

v.

CHARLES SCHULZ,
DAVID SCHUPMANN, and
TRIDENT SOLUTIONS
OF SUGAR GROVE, LLC,

          Defendants.

_____

## STIPULATED PROTECTIVE ORDER

_____

The parties, FW-CO, Inc., d/b/a Fortis Warranty ("Fortis") and Defendants Charles Schulz ("Schulz"), David Schupmann ("Schupmann"), and Trident Solutions of Sugar Grove, LLC ("Trident") (the three defendants collectively, "Defendants," and the four parties collectively, the "Parties"), have moved that the Court enter a Stipulated Protective Order. The Court has determined that the terms set forth herein are appropriate to protect the respective interest of the parties, non-parties, the public, and the Court. Accordingly, it is ORDERED:

1.    **Scope**. All materials produced or adduced in the course of discovery, including, but not limited to, initial disclosures, responses to discovery requests, deposition testimony and exhibits, and information derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Stipulated Protective Order, as defined below. This Order is subject to the Local Rules of this Court and the Federal Rules of Civil

Procedure on matters of procedure and calculation of time periods.

2.    **Confidential Information**. As used in this Order, "Confidential Information" means: (a) information protected from disclosure by statute; (b) research, strategic, technical, commercial, or financial information that the Party has maintained as confidential that otherwise does not qualify as a trade secret; (c) income tax returns (including attached schedules and forms), W-2 forms, and 1099 forms; (d) personnel or employment records of any person; (e) nonpublic information regarding a Party's contractors, vendors, suppliers, or customers; or (f) other information the disclosure of which would breach a legal or contractual obligation. Information or documents that are available to the public through no direct or indirect action of any Party to this case may not be designated as Confidential Information.

3.    **Highly Confidential Information**. As used in this Order, "Highly Confidential Information" means extremely sensitive Confidential Information within the scope of Fed. R. Civ. P. 26(c)(1)(G), the disclosure of which is likely to harm the designating Party's competitive position, that constitutes or contains: (a) information that reveals trade secrets or plans more sensitive or strategic than Confidential Information; (b) commercial agreements and negotiations with third parties containing competitively sensitive information; or (c) competitively sensitive financial information, such as revenues and expenses, whether concerning a Party, its contractors, vendors, suppliers, or customers.

4.    **Designation.**

(a)    A Party or non-party may designate a document as Confidential Information for protection under this Order by placing or affixing the words "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" on the document and on all

copies in a manner that will not interfere with the legibility of the document. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries, or descriptions that contain the Confidential Information. The marking "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" shall be applied prior to or at the time the documents are produced or disclosed. Applying the marking "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Any copies that are made of any documents marked "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" shall also be so marked, except that indices, electronic databases, or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked.

(b)    A Party or non-party may designate a document as Highly Confidential for protection under this Order by placing or affixing the words "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER" on the document and on all copies in a manner that will not interfere with the legibility of the document. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries, or descriptions that contain the Highly Confidential Information. The marking "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER" shall be applied prior to or at the time the documents are produced or disclosed. Applying the marking "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER" to a document does not mean that the document has any status or protection by statute or otherwise

3

except to the extent and for the purposes of this Order. Any copies that are made of any documents marked "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER" shall also be so marked, except that indices, electronic databases, or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of Highly Confidential Information are not required to be marked.

(c)    Documents, information, or other material designated Highly Confidential and information contained therein shall be made available only to the persons or entities listed in Sections 6(b)(1), (5)-(12), and (14) and subject to any terms set forth or incorporated therein.

(d)    A Party or non-party may designate a document as Confidential Information or Highly Confidential Information only after review of the document by an attorney who has in good faith determined that the document contains Confidential Information or Highly Confidential Information as defined in this Order.

5.    **Depositions**. Unless all participants agree on the record at the time the deposition testimony is taken, all deposition testimony taken in this case shall be treated as Confidential Information for a period of thirty (30) days after receipt of the deposition transcript. No later than the thirtieth (30th) day after receipt of the deposition transcript, a Party or non-party may serve a Notice of Designation to all Parties of record as to specific portions of the testimony that are designated "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER," and thereafter those portions identified in the Notice of Designation shall be protected under the terms of this Order. The failure to serve

a timely Notice of Designation shall waive any designation of testimony taken in that deposition as Confidential Information unless (a) the Parties agree to a different time for serving a Notice of Designation or (b) the Party seeking a late designation seeks and obtains relief from the deadline from the Court for good cause shown. Alternatively, if all participants agree on the record at the time the deposition testimony is taken or otherwise prior to the conclusion of the deposition, certain portions of a deposition (or exhibits thereto) may be proactively designated as Confidential Information or Highly Confidential Information. If such proactive designation occurs on the record, such information shall be treated as such for all purposes of this litigation, and the requirement to serve a Notice of Designation thereafter is eliminated. The remaining, non-designated portions of the deposition, however, will be subject to the Notice of Designation obligations outlined above.

6.      **Protection of Confidential Material.**

(a)      **General Protections**. Confidential Information or Highly Confidential Information shall not be used or disclosed by the Parties, counsel for the Parties, or any other persons identified in subparagraph (b) for any purpose whatsoever other than for the prosecution and defense of this action, including discovery, trial, and any appeals. Nothing contained in this Order, however, will affect or restrict the rights of any Party with respect to its own documents or information produced in this action.

(b)      **Limited Third-Party Disclosures**. The Parties and counsel for the parties shall not disclose or permit the disclosure of any Confidential Information to any person or entity except as set forth in subparagraphs (1)-(14). Highly Confidential Information may only be disclosed to the persons or entities set forth in subparagraphs (1), (5)-(12), and (14) below. These reviewer categories are as follows:

(1)    **Outside counsel**. Outside counsel for the Parties and employees of counsel who have responsibility for the preparation and trial of the action. This includes outside counsel for any non-party from whom discovery is sought.

(2)    **Fortis**. Employees of Fortis to the extent their assistance is deemed reasonably necessary to the conduct of this litigation.

(3)    **Schulz and Schupmann**.

(4)    **Trident**. Employees of Trident to the extent their assistance is deemed reasonably necessary to the conduct of this litigation.

(5)    **In-house Counsel**. Highly Confidential Information may only be shared with in-house counsel for Fortis and Trident in a litigation function with responsibilities for this case. Under no circumstances may in-house counsel at Fortis or Trident share Highly Confidential Information with any other employees of Fortis and Trident, except as outlined herein.

(6)    **The Court and Its Personnel**.

(7)    **Court Reporters and Recorders**. Court reporters and recorders engaged for depositions or hearings.

(8)    **Contractors**. Those persons specifically engaged for the limited purpose of making copies of documents, providing electronic data support, providing translation services, organizing documents, processing documents, or reviewing documents, provided such persons have executed the certification contained in Attachment A, Acknowledgement and Agreement to Be Bound.

(9)    **Consultants and Experts**. Consultants, investigators, or

experts employed by the Parties or counsel for the Parties to assist in the preparation and trial of this action, to the extent such disclosure is necessary for the preparation of expert reports, deposition or trial preparation, trial, or other proceedings in this case, but only after such persons have completed the certification contained in Attachment A, Acknowledgment and Agreement to Be Bound.

(10) **Witnesses at Depositions**. During depositions, witnesses (and, if applicable, their counsel) in this action to whom disclosure is reasonably necessary. Witnesses shall not retain a copy of documents containing Confidential Information or Highly Confidential Information. Pages of transcribed deposition testimony or exhibits to depositions that are designated as Confidential Information or Highly Confidential Information may not be disclosed to anyone except as permitted under this Order.

(11) **Highly Confidential Reviewers**. Any Party or employee of a Party or non-party to whom disclosure is reasonably necessary for this litigation (collectively, "Highly Confidential Reviewers"), but only after such persons have completed the certification contained in Attachment A, Acknowledgement and Agreement to Be Bound, provided that disclosure of Highly Confidential Information may only be made to the Highly Confidential Reviewer under the following conditions: Counsel may show, discuss, and review Highly Confidential Information with the Highly Confidential Reviewer, but the Highly Confidential Reviewer may not (1) be sent any copies or retain any copies of the Highly Confidential materials; (2) view the Highly Confidential materials outside of direct,

in-person presence and supervision of counsel;[1] (3) take notes concerning the contents of the Highly Confidential materials; (4) discuss or disclose the contents of the Highly Confidential materials with or to others (except counsel, or experts and consultants who satisfy the requirements of paragraph 6(b)(9)); or (5) use the Highly Confidential materials for any purpose other than in connection with the prosecution, defense, or participation in the litigation.

(12)    **Trial Witnesses**. Witnesses in the course of trial testimony where counsel has a reasonable and good-faith belief that examination with respect to certain Highly Confidential documents or information is necessary for trial purposes in this case, but only after such persons have completed the certification contained in Attachment A, Acknowledgement and Agreement to Be Bound; provided that disclosure of Highly Confidential Information may only be made to the witness under the following conditions: Counsel may show, discuss, and review Highly Confidential Information with the witness, but the witness may not (1) be sent any copies or retain any copies of the Highly Confidential materials; (2) view the Highly Confidential materials outside of direct, in-person presence and supervision of Counsel; (3) take notes concerning the contents of the Highly Confidential materials; (4) discuss or disclose the contents of the Highly Confidential materials with or to others (except counsel, or experts and consultants who satisfy the requirements of paragraph 6(b)(9)); or (5) use the Highly Confidential materials for any purpose other than in connection with the

---

[1] Zoom or other similar online methods of showing documents shall constitute "in-person presence and supervision of counsel," provided the Highly Confidential Reviewer otherwise complies with the terms of this Protective Order.

prosecution, defense, or participation in the litigation.

(13)    **Authors/Recipients of Documents**. The author or recipient of a document containing the information, or a custodian or other person who appears to have otherwise possessed the information based on the face of the document, the document's metadata, or sworn witness testimony.

(14)    **Others by Consent**. Other persons only by written consent of the producing Party or upon order of the Court and on such conditions as may be agreed or ordered, but only after such persons have completed the certification contained in Attachment A, Acknowledgment and Agreement to Be Bound.

(c)    **Control of Documents**. Counsel for the Parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential Information and Highly Confidential Information. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of three (3) years after the termination of the case. Counsel for the Party seeking to review Highly Confidential materials shall keep copies of the signed Attachment A and shall provide copies of the same to counsel for the producing Party upon request.

7.    **<u>Inadvertent Failure to Designate</u>**. An inadvertent failure to designate a document as Confidential Information or Highly Confidential Information does not, standing alone, waive the right to so designate the document; provided, however, that a failure to serve a timely Notice of Designation of deposition testimony as required by this Order, even if inadvertent, waives any protection for deposition testimony, except as provided herein. If a Party designates a document as Confidential Information or Highly Confidential Information after it was initially produced, the receiving Party, on notification

9

of the designation, must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Order. No Party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated Confidential Information or Highly Confidential Information, even where the failure to so designate was inadvertent and where the material is subsequently designated Confidential Information or Highly Confidential Information. In the event that a producing Party incorrectly designates a document as Confidential Information or Highly Confidential Information, that Party may make a late designation or change the designation by so notifying in writing all Parties to whom the document has been disclosed.

8.     **Filing of Confidential Information**. This Order does not, by itself, authorize the filing of any document under seal. Any Party wishing to file a document designated as Confidential Information or Highly Confidential Information in connection with a motion, brief, or other submission to the Court must do so in accordance with this Court's rules and procedures.

9.     **No Greater Protection of Specific Documents**. No Party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the Party moves for an order providing such special protection.

10.     **Challenges by a Party to Designation as Confidential Information or Highly Confidential Information**. The designation of any material or document as Confidential Information or Highly Confidential Information is subject to challenge by any Party. The following procedure shall apply to any such challenge:

(a)     **Meet and Confer**. A Party challenging the designation of

10

Confidential Information or Highly Confidential Information must do so in good faith and must begin the process by conferring directly with counsel for the designating Party. In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating Party an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation. The designating Party must respond to the challenge within five (5) business days.

(b)    **Judicial Intervention**. If the Parties meet and confer as outlined above in Section 10(a) and are unable to resolve a dispute regarding a Confidential Information or Highly Confidential Information designation, the Parties shall jointly email Chambers (O'Hara_Chambers@cod.uscourts.gov), copying all Parties, pursuant to the discovery dispute procedures set forth in D.C.COLO.MJ § VI.3-4. The burden of persuasion in any such challenge proceeding shall be on the designating Party. Until the Court rules on the challenge, all Parties shall continue to treat the materials as Confidential Information or Highly Confidential Information under the terms of this Order.

11.    **Action by the Court**. Nothing in this Order or any action or agreement of a Party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

12.    **Use of Confidential Documents or Information at Trial**. Nothing in this Order shall be construed to affect the admissibility of any document, material, or information at any trial or hearing. A Party that intends to present or that anticipates that another Party may present Confidential Information or Highly Confidential Information at a hearing or trial shall bring that issue to the Court's and Parties' attention by motion or in

11

a pretrial memorandum without disclosing the Confidential Information or Highly Confidential Information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

13.     **Inadvertent Disclosure or Confidential Information Subpoenaed.**

(a)     In the event any Party shall inadvertently disclose Confidential Information or Highly Confidential Information to another Party or third party not otherwise permitted to receive such information, the Party making the inadvertent disclosure shall, upon learning of the disclosure: (i) promptly notify the person or entity to whom the disclosure was made that the disclosure contains information protected by this Order; and (ii) promptly make all reasonable and necessary efforts to obtain the return of and preclude dissemination or use of the Confidential Information or Highly Confidential Information by the person or entity to whom disclosure was inadvertently made.

(b)     If a receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or document designated in this action as Confidential Information or Highly Confidential Information, the receiving Party must so notify the designating Party, in writing, immediately and in no event more than three (3) court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

(c)     The receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order. In addition, the receiving Party must deliver a copy of this Order promptly to the Party in the other action that caused the subpoena to issue.

(d)    The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating Party in this case an opportunity to try to protect its Confidential Information or Highly Confidential Information in the court from which the subpoena or order issued. The designating Party shall bear the burden and the expense of seeking protection in that court of its Confidential Information or Highly Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving Party in this action to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while the Party has in its possession, custody, or control Confidential Information or Highly Confidential Information by the other Party to this case.

14.    **Obligations on Conclusion of Litigation.**

(a)    Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal. The Court will retain jurisdiction of enforcing this Protective Order once the case is closed.

(b)    Unless otherwise ordered or agreed to in writing by the producing Party, within sixty (60) days after the final termination of this litigation by settlement or exhaustion of all appeals, all Parties in receipt of Confidential Information or Highly Confidential Information shall use reasonable efforts to either return such materials and copies thereof to the producing Party or destroy such Confidential Information or Highly Confidential Information and certify that fact. The receiving Party's reasonable efforts shall not require the return or destruction of Confidential Information or Highly Confidential Information that (i) are stored on backup storage media made in accordance with regular data backup procedures for disaster recovery purposes, (ii) are located in the email archive system or archived electronic files of departed employees, or in counsel's

13

document management system, or (iii) are subject to legal hold obligations. Backup storage media will not be restored for purposes of returning or certifying destruction of Confidential Information or Highly Confidential Information, but such retained information shall continue to be treated in accordance with the Order. Counsel for the Parties shall be entitled to retain copies of court papers (and exhibits thereto), correspondence, pleadings, deposition and trial transcripts (and exhibits thereto), expert reports, and attorney work product that contain or refer to Confidential Information or Highly Confidential Information, provided that such counsel and employees of such counsel shall not disclose such Confidential Information or Highly Confidential Information to any person, except pursuant to court order. Nothing shall be interpreted in a manner that would violate any applicable canons of ethics or codes of professional responsibility.

15.    **Order Subject to Modification**. This Order shall be subject to modification by the Court on its own initiative or on motion of a Party or any other person with standing concerning the subject matter.

16.    **No Prior Judicial Determination**. This Order is entered based on the representations and agreements of the Parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any document or material designated Confidential Information or Highly Confidential Information by counsel or the Parties is entitled to protection until such time as the Court may rule on a specific document or issue.

17.    **No Admission**. Nothing in this Order or any designation of confidentiality hereunder, or any failure to make such designation, shall be used or characterized by any Party as an admission by a Party or a Party opponent. The designation of information as

14

Confidential or Highly Confidential is not intended to be and shall not be construed as an admission that the Confidential or Highly Confidential Information is relevant to a Party's claims or defenses, nor subject to an applicable privilege or protection.

18.    **Attorney-Client Privilege and Work Product Protections**. If information that is subject to a claim of privilege or of protection as work-product or trial-preparation material is disclosed in discovery, the Party making the claim of privilege may notify any Party that received the information of the claim and the basis for it. After being notified, a Party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. Nothing in this paragraph shall prevent the receiving Party from challenging the propriety of the attorney-client privilege or work-product immunity or other applicable privilege or immunity designation by submitting a written challenge to the Court, although all Parties agree not to argue that disclosure itself constitutes a waiver of any applicable privilege or protection.

19.    **Persons Bound**. This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the Parties, and persons made subject to this Order by its terms.

20.    **Designations by Non-Parties**. Non-parties to the litigation may designate documents containing Confidential Information for protection under this Order.

21.    **Order Subject to Modification**. This Order shall be subject to modification by the Court on its own initiative or on motion of a Party or any other person with standing concerning the subject matter.

*So Ordered.*

DATED at Denver, Colorado, this 30th day of April, 2025.

BY THE COURT:

Timothy P. O'Hara
United States Magistrate Judge