# EXHIBIT D



675 Fifteenth Street, Suite 2300
Denver, Colorado 80202
Tel: 303.297.2900  |  Fax: 303.298.0940
taftlaw.com

**Patrick J. Miller**
**Direct Dial Number:  303.299.8354**
**E-mail:  Pat.Miller@taftlaw.com**

February 19, 2025

**Settlement Communication FRE 408; CRE 408**

**VIA EMAIL (melkon@fisherphillips.com)**

Richard M. Lewis
Montis Tenura, Inc., FW-CO, Inc. d/b/a Fortis Warranty
50 South Steele Street, Suite 375
Denver, CO 80209

c/o Michael P. Elkon. Esq.
Fisher & Phillips LLP
1230 Peachtree Street, NE, Suite 330
Atlanta, Georgia, 30309

Francis A. Wilson, Esq.
Fisher & Phillips LLP
1125 17th Street, Suite 2400
Denver, CO 80202

      Re:    Outstanding Wages Owed to Former Employee David Schupmann

Dear Mr. Elkon:

      As you know, this firm has been retained to defend the interests of David Schupmann, a former employee of your client, FW-CO, Inc. d/b/a Fortis Warranty, with respect to the claims it has brought against him in the United States District Court for the District of Colorado, styled as *FW-CO, Inc., d/b/a Fortis Warranty v. Schulz, et al.*, Case No. 1:25-cv-00254-NYW-TPO.  This letter will serve as a wage demand for the payment to Mr. Schupmann of unpaid and outstanding wages, unused vacation time, and commissions earned during his employment with your client. The amount owed, according to records available to Mr. Schupmann, is $1,124,196.10.  This letter will also serve as a demand for unpaid severance in the amount of $800,000.00 related to Fortis Warranty's Termination Without Cause of Mr. Schupmann under Section 4.2.1 of his Employment Agreement executed February 27, 2018 (the "Employment Agreement").

59801582.1

Taft Stettinius & Hollister LLP / Taftlaw.com / The Modern Law Firm

Richard M. Lewis c/o Michael Elkon
February 19, 2025
Page 2

Because it is impossible to determine the full extent of Fortis Warranty's liability to Mr. Schupmann without his personnel file and other documents presently in your client's custody (in particular all documents reflecting his wages earned and paid up to the date of his termination, his accrued and unused vacation time up to the date of his termination, and his commissions earned but unpaid), please be aware that this letter also serves as a notice for your client to preserve all documents related to Mr. Schupmann's employment with it.

As such, this letter constitutes notice that Fortis Warranty and its agents must preserve from spoliation, and not destroy or permit to be destroyed, any and all documents and other tangible or electronic information that is relevant or may be relevant to our client's claims. Such documents and tangible and/or electronic things include, without limitation: employment records, time records, pay policies, e-mails, text messages, recordings, notes, communications, and any other relevant tangible and/or electronic things that are in the possession, custody, or reasonably within the possession or custody of Fortis Warranty or its agents that relate in any way to Mr. Schupmann's claims, employment, termination, wages, or compensation. You must preserve such documents and information until further notice from the undersigned.

Pursuant to Fortis Warranty's obligations under C.R.S. § 8-2-129, and to assist in ascertaining all monies owed to Mr. Schupmann, we also hereby request a copy of his personnel file as it was kept in the ordinary course of business. Mr. Schupmann is owed a very significant sum of money by your client, and as detailed herein, the penalties for withholding such payments under the Colorado Wage Act are severe. We will not hesitate to pursue such penalties if Mr. Schupmann is not paid all monies owed him. **Please remit the file and all of the documents demanded herein within one (1) week of receipt of this correspondence.**

I.  **WAGE DEMAND UNDER THE FAIR LABOR STANDARDS ACT AND COLORADO WAGE ACT CLAIM FOR UNPAID WAGES OWED**

Failure to pay an employee all of their earned wages and compensation is unlawful under the Fair Labor Standards Act ("FLSA") and the Colorado Wage Act ("CWA"). *See* 29 U.S.C. § 203, C.R.S. § 8-4-101 *et seq*. The CWA requires all wages and compensation earned be paid within thirty (30) days from when such wages or compensation are earned. *See* C.R.S. § 8-4-103(1)(a). Under the CWA, wages and compensation include (i) all amounts earned or labor or services by employees; (ii) bonuses or commissions earned pursuant to an agreement between employer and employee; (iii) vacation pay earned pursuant to an agreement between employer and employee; and (iv) paid sick leave under the Healthy Families and Workplaces Act. *See* C.R.S. § 8-4-101(14)(a).

Employers who fail to remit payment for any such earned wages and compensation within fourteen (14) days of receiving a written demand therefor are liable for: (A) the greater of two (2) times the amount owed or one thousand dollars, or (B) if the failure to remit payment was willful, three (3) times the amount owed. C.R.S. § 8-4-109(3)(a)-(b). A violation is "willful" if the employer "either knew or showed reckless disregard for the matter of whether its conduct violated

59801582.1

Richard M. Lewis c/o Michael Elkon
February 19, 2025
Page 3

the statute." *See Mumby v. Pure Energy Servs. (USA), Inc.*, 636 F.3d 1266, 1270 (10th Cir. 2011); C.R.S. § 8-4-109(3)(b)(II).  A mere offer to pay owed wages and compensation in exchange for a release or waiver of rights is not "tender" within the meaning of the CWA and does prevent the assessment of penalties thereunder. *See Garcia v. Elan Grp., LLC*, No. 18-CV-02532-NYW, 2019 WL 1437766, at *4 (D. Colo. Feb. 11, 2019); C.R.S. § 8-4-121 (any agreement by an employee purporting to waive or modify their rights under the CWA are void).

The thirty day period during which Fortis Warranty was required to pay Mr. Schupmann any monies owed pursuant to the end of his employment therewith has passed, and Fortis Warranty failed to compensate Mr. Schupmann for wages earned during his employment, commissions earned during his employment, vacation time earned but unused during his employment, together which total $1,124,196.10.  Fortis Warranty has fourteen (14) days to pay this sum to Mr. Schupmann in full.  Please be aware that failure to make such payments may expose your client to liability of upwards of $3,000,000.00.

a.   **Unpaid Wages Owed**

Mr. Schupmann is owed backpay of certain unpaid wages earned throughout his employment. We have been made aware that when Mr. Schupmann's employment with Fortis Warranty began, his wages were not paid for the first four to six weeks, with such wages being allegedly paid thereafter in arrears.  These payments were never made, and our client is in possession of correspondence dated as late as October 1, 2024, acknowledging that Mr. Schupmann had still not been "caught up" and paid all his earned wages.

Moreover, there is reason to suspect his last paycheck, which included incorrect withholdings, withheld certain arrears payments, and included several unusual deductions, was incorrect. Please include in Fortis Warranty's transmission of Mr. Schupmann's employee file sufficient documentation to determine the extent of Mr. Schupmann's unpaid wages, including all payroll documentation and information related to his compensation during his employment. *See* C.R.S. § 8-2-129.

b.   **Unused Vacation Time Owed**

Per Mr. Schupmann's employment agreement he accrued three (3) weeks of vacation time in his first three calendar years of employment, and four (4) weeks of vacation time in each subsequent calendar year of employment. (Employment Agreement at § 2.2.3).  In his last year of employment with Fortis Warranty, ending December 24, 2024, he accrued four (4) weeks of vacation time, one of which he used during that year.  Moreover, he used no more than a week of the four weeks of vacation time he accrued in calendar year 2023.

Mr. Schupmann was not compensated for any of his unused vacation time when his employment with Fortis Warranty ended on December 24, 2024.  In Colorado, all unused vacation time must be paid out upon separation of employment and "use it or lose it" vacation policies are prohibited. *See Nieto v. Clark's Market, Inc.*, 488 P.3d 1140 (Colo. 2021).

59801582.1

Richard M. Lewis c/o Michael Elkon
February 19, 2025
Page 4

      Mr. Schupmann is entitled to compensation for any and all unused vacation time accrued during his employment with Fortis Warranty, and interest accrued thereon since December 24, 2024. During his last year of employment Mr. Schupmann received an annual salary of $400,000.00, which equates to a weekly rate of $7,692.31. This means your client is liable for at least $30,769.24 in unpaid vacation time (and likely more for prior years). In order to discern precisely how much of his accrued vacation time went unused and what sum is therefore owed, we demand all documents, communications, and other records regarding Mr. Schupmann's accrual and use of vacation time during his employment. *See* C.R.S. § 8-2-129.

      **c.**    **Unpaid Commissions Owed**

      Mr. Schupmann has additionally not been paid substantial commissions he earned while employed by Fortis Warranty. When Mr. Schupmann was promoted to Enterprise Accounts Director in late 2023, Rick Lewis verbally committed that our client would receive 10% commissions on new projects, 8% commissions on expanded projects, and 6% commissions on recurring projects, but was later informed that instead he would receive 6% of the gross cash receivables per project he completed. However, Mr. Lewis later refused payment of commissions on the basis that Mr. Schupmann only received commissions on payments made pursuant to projects.

      As of the time Mr. Schupmann was terminated, he was owed commissions or would be owed commissions on upwards of 27 projects, which at his commission rate would entitle him to a total sum of $1,047,273.00. All commission payments, including those for the aforementioned projects, stopped after the termination of his employment in breach of his Employment Agreement. Any commissions earned on Mr. Schupmann's projects remain due and owing, and Mr. Schupmann is entitled to all documents and information necessary to determine the true extent and amount of the commissions owed to him upon the termination of his employment. *See* C.R.S. § 8-2-129.

**II.**    **UNPAID SEVERANCE OWED**

      Mr. Schupmann was terminated by Fortis Warranty on December 24, 2024. Though Fortis Warranty has alleged that our client was terminated for cause due to an alleged "kickback" scheme, Fortis Warranty has supplied no evidence that such a "scheme" ever occurred. Mr. Schupmann's termination was without cause, and as a result he is entitled to all severance owed him pursuant to the terms of his Employment Agreement.

      Under Mr. Schupmann's Employment Agreement, a termination for any reason other than a For Cause Termination required Fortis Warranty to give thirty days' written notice of the termination. (Employment Agreement at § 3.2.1(c)). Upon a No Cause Termination or an Employee Termination for Cause, Mr. Schupmann is entitled to his regular wages and bonus for the period during which he was terminated, any benefits payable to him, and a lump sum equal to twenty-four (24) months of his base salary at the time of the termination. *Id.*, at § 4.2.1(a)-(b).

59801582.1

Richard M. Lewis c/o Michael Elkon
February 19, 2025
Page 5

Moreover, Mr. Schupmann had adequate provocation to terminate his employment For Cause pursuant to Section 3.2.2(b) of his Employment Agreement during his employment with Fortis Warranty, as his 2022 bonus was untimely paid more than ninety (90) days after it was due and payable. Mr. Schupmann's 2022 bonus was due and payable in March 2023, and it took nearly a year afterwards to pay Mr. Schupmann the stock payment portion of that bonus. As a result, he could have at any time terminated the agreement For Cause, which would have likewise entitled him to equivalent severance.

Mr. Schupmann had a base salary of $400,000.00 per year at the time of his termination, meaning he is owed, in additional to any regular pay, bonuses, accrued and unused vacation, commissions, and benefits for that pay period during which he was terminated, a severance payment of $800,000.00.

### III.   CONCLUSION

As described herein, your client is liable to Mr. Schupmann for sums owed him totaling nearly $2,000,000.00. We will not hesitate to seek penalties against your client under the Colorado Wage Act if these sums remain unpaid. Therefore, we request your client remit Mr. Schupmann's personnel file and all of the documents demanded herein within one (1) week of receipt of this correspondence. Please remit all unpaid wages within fourteen (14) days of this letter.

Yours truly,

Taft Stettinius & Hollister LLP

Patrick J. Miller

PJM/dlf

59801582.1