**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:25-cv-00254-NYW-TPO

FW-CO, INC. d/b/a Fortis Warranty,

      Plaintiff/Counter-Defendant,

RICHARD LEWIS,

      Counter-Defendant,

v.

CHARLES SCHULZ,

DAVID SCHUPMANN,

      Defendants/Counter-Claimants,


TRIDENT SOLUTIONS OF SUGAR GROVE, LLC;

ROOFING USA, LLC; and

INSTALLATION SERVICES LLC d/b/a TOPKEY CONSTRUCTION,

      Defendants.

---

## MOTION TO STAY DISCOVERY

Defendant Roofing USA, LLC ("Roofing USA"), by its undersigned counsel, moves pursuant to Fed. R. Civ. P. 26(c) to stay discovery pending the resolution of its Motion to Dismiss Plaintiff's Third Amended Complaint & Jury Demand filed by Plaintiff FW-CO, Inc. d/b/a/ Fortis Warranty ("Fortis") based on a lack of personal jurisdiction.

Requests to stay discovery pending a motion to dismiss for lack of personal jurisdiction are frequently granted to avoid the burden of conducting discovery when jurisdiction may not exist. Allowing discovery to proceed here would be inefficient for not only the parties, but also the Court, particularly in the event discovery disputes arise that require the Court's involvement. Roofing USA has never conducted business in Colorado; it was

added to this litigation over a year after the original complaint was filed and is only mentioned in approximately 10 of the 112 paragraphs of "factual allegations" in Fortis's Third Amended Complaint. (D.E. 153, 3d Am. Compl. ("Compl.") ¶¶ 30–142.) Additionally, Defendant Installation Services, LLC, d/b/a TopKey Construction ("TopKey") recently filed a separate motion to dismiss for lack of personal jurisdiction, which remains pending. (D.E. 164.) Because proceeding with discovery would be time consuming, expensive, and unduly burdensome for both the Court and the parties, and because the public has an interest in just and efficient litigation resolutions, the Court should grant this motion to stay discovery pending the resolution of Roofing USA's motion to dismiss for lack of personal jurisdiction.

## STATEMENT OF CONFERRAL

On June 2, 2026, Roofing USA's counsel met and conferred with Fortis's counsel via video conference regarding the relief requested herein. Fortis opposes the requested relief.

## GENERATIVE AI USE CERTIFICATION

The undersigned counsel certifies that generative artificial intelligence was not used to draft this filing.

## BACKGROUND

As referenced in Roofing USA's Motion to Dismiss (filed contemporaneously herewith), Fortis filed its Third Amended Complaint & Jury Demand on May 7, 2026, adding two defendants to the case: Roofing USA and TopKey. Roofing USA was served on May

19. (D.E. 159, Aff. of Serv.)

The original complaint in this case was filed on January 24, 2025. (D.E. 1.) On June 24, 2025, this Court entered a scheduling order providing eight months for fact discovery, until February 23, 2026. (D.E. 97.) Later, the Court entered an amended scheduling order extending fact discovery for an additional six months. (D.E. 124.) All of this was well before Roofing USA was added as a defendant. Under the amended scheduling order, the deadline for discovery is currently August 31, 2026. (*Id.* at 14.) The deadline for the parties to designate all affirmative experts is June 30, 2026, the deadline for the parties to designate all rebuttal witnesses is July 31, and the deadline for dispositive motions is September 30. (*Id.*) These deadlines are not tenable for Roofing USA.

Roofing USA is a limited liability company organized under the laws of South Carolina and headquartered in South Carolina. (Compl. ¶ 24.) Roofing USA does business in Virgina, North Carolina, South Carolina, Georgia, Florida, and North Dakota. (*Id.* ¶ 133.) Fortis does not allege that Roofing USA does any business in Colorado. (*See generally id.*) On the same date as this filing, Roofing USA filed its Motion to Dismiss for lack of personal jurisdiction.

Fortis alleges that Roofing USA has interfered with its business advantage and contracts by employing Defendant Schupmann, while he was employed by Fortis and after his separation of employment with Fortis, and knowingly allowing Schupmann to violate his non-compete agreement with Fortis. (*Id.* ¶¶ 132, 136, 140.) Fortis claims that Roofing USA "knowingly exploited and profited from [Defendants] Schupmann and Schulz's breaches and disloyalty, allowing Roofing USA to unfairly compete against

Fortis." (*Id.* ¶ 136.) Fortis also claims that "Roofing USA knowingly and wrongfully solicited and accepted, from Schupmann and Schultz, Fortis's proprietary materials and work product," and that "Roofing USA did this knowing that the materials were misappropriated, stolen, and/or used without Fortis's authorization and in breach of Schupmann and Schulz's Agreements with Fortis and duties of loyalty to Fortis." (*Id.* ¶ 138.) Fortis asserts against Roofing USA claims for temporary, preliminary, and permanent injunctive relief, tortious interference with contractual relations, tortious interference with prospective business advantage, civil conspiracy, and aiding and abetting breach of fiduciary duty. (*Id.* ¶¶ 161–235.) Fortis seeks a temporary restraining order, monetary damages including actual damages, attorneys' fees and costs, and unjust enrichment damages. (*Id.* at 55–56.)

In April 2025, before Fortis added Roofing USA as a defendant in this litigation, Fortis served Roofing USA with a subpoena, and Roofing USA provided documents in response. Fortis then served Roofing USA with a revised subpoena in February 2026. Other than responding to these two subpoenas, Roofing USA has not been involved in discovery in this case. Now that Fortis has made Roofing USA a party to this litigation, and in the event Roofing USA remains a defendant, it will need considerable time to investigate and defend against Fortis's allegations.

Roofing USA filed its motion to dismiss for lack of personal jurisdiction on June 9, 2026. Defendant TopKey filed a separate motion to dismiss for lack of personal jurisdiction on June 4, 2026. (D.E. 164.) Both motions remain pending and are not yet fully

briefed.

## LEGAL STANDARD

Federal Rule of Civil Procedure 26(c) permits the Court, upon a showing of good cause, to "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). This includes issuing a stay of discovery. *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 1:02-CV-01934-LTB-PA, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006). "[S]ubjecting a party to discovery when a motion to dismiss for lack of personal jurisdiction is pending may subject him to undue burden or expense, particularly if the motion to dismiss is later granted." *Id.* Further, "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *eSoft, Inc. v. Blue Coat Sys., Inc.*, 505 F. Supp. 2d 784, 787 (D. Colo. 2007) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)).

Courts in this district frequently grant stays pending the resolution of a motion to dismiss for lack of personal jurisdiction. *See, e.g.*, *Zayo Grp., LLC v. Sender*, No. 25-CV-00662-CNS-TPO, 2025 WL 4709009, at *3 (D. Colo. Sept. 11, 2025) ("In cases where a defendant challenges personal jurisdiction as part of a motion to dismiss, motions for stay have been deemed meritorious while the motion to dismiss is pending."); *Sea Eagle Ford, LLC v. Tex. Quality Well Serv., LLC*, No. 17-CV-02141-KMT, 2017 WL 11635035, at *1 (D. Colo. Nov. 16, 2017) (same). Indeed, "neither [the court's] nor the parties' time is well-served by being involved in the 'struggle over the substance of the suit' when, as here, a dispositive motion involving jurisdiction is pending." *Zimmerman v. CIT Grp., Inc.*, No. 5

5

08-cv-00246-ZLW-KLM, 2008 WL 1818445, at *1 (D. Colo. Apr. 21, 2008) (quoting *Dem. Rep. Congo v. FG Hemisphere Assocs., LLC*, 508 F.3d 1062, 1064 (D.C. Cir. 2007)). A decision to stay discovery while a dispositive motion remains pending is committed to a district court's sound discretion. *Harper v. City of Cortez*, No. 16-CV-03102-LTB-KMT, 2017 WL 1176417, at *1 (D. Colo. Mar. 30, 2017).

## ARGUMENT

### I.    The Court should issue a stay of discovery while motions to dismiss for lack of personal jurisdiction remain pending.

In deciding whether to stay discovery, the Court considers the following factors: "(1) plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." *String Cheese Incident*, 2006 WL 894955, at *2. Analysis of these factors favors Roofing USA here.

First, there is no prejudice to Fortis. Fortis made the decision to add Roofing USA as a defendant, approximately 15 months after filing its initial complaint, and after this Court had entered two scheduling orders. A review of Plaintiff's Third Amended Complaint shows that Roofing USA "is a minor participant, at best, in the factual basis supporting the claims in the case." *Ajjarapu v. AE Biofuels, Inc.*, No. CIVA09CV01013CMAKMT, 2010 WL 1529596, at *2 (D. Colo. Apr. 15, 2010). In the approximately 112 paragraphs of "factual allegations" in Fortis's Third Amended Complaint, Roofing USA is mentioned in approximately 10 paragraphs. (*See* Compl. ¶¶ 30–142.)

Second, although Fortis likely desires to proceed expeditiously with this case, this interest is outweighed by the burden to Roofing USA of engaging in discovery when the case may be dismissed. *Zimmerman*, 2008 WL 1818445, at *1 ("[U]ntil jurisdiction can be established, the Court determines that the burden on Defendants of going forward with discovery outweighs the desire of Plaintiff to have his case proceed expeditiously."); *String Cheese Incident*, 2006 WL 894955, at *2 ("[S]ubjecting a party to discovery when a motion to dismiss for lack of personal jurisdiction is pending may subject him to undue burden or expense, particularly if the motion to dismiss is later granted."). This is especially true, here, where discovery is currently set to close in less than three months. (D.E. 124 at 14.)

Third, the convenience to the Court favors a stay. "The court's time is not well-served by being involved in possible discovery motions and other incidents of discovery where, as here, a dispositive motion is pending." *Ajjarapu*, 2010 WL 1529596, at *2; *see Sea Eagle Ford*, 2017 WL 11635035, at *2 ("[A]ny inconvenience in rescheduling the docket is outweighed by the potential waste of judicial resources if discovery were to proceed in the absence of jurisdiction."). "[E]xtensive discovery in a foreign jurisdiction is likely to be expensive and time-consuming both for the court and for the parties." *Baldwin v. Athens Gate Belize, LLC*, No. 18-CV-00586-PAB-NYW, 2018 WL 11431443, at *2 (D. Colo. Nov. 9, 2018).

Fourth, Roofing USA is unaware of any nonparties with significant particularized interests in this case. Also, "third-party interests carry minimal, if any, weight at this stage." *Zayo Grp., LLC*, 2025 WL 4709009, at *5. This factor is neutral.

Fifth, "the public's only interest in this case is a general interest in its efficient and just resolution. Avoiding wasteful efforts by the Court clearly serves this interest." *Mariani v. Titeflex Corp.*, No. 13-CV-01720-MSK-KLM, 2013 WL 6688966, at *2 (D. Colo. Dec. 19, 2013). This factor also favors a stay.

Four of the five factors favor a stay while the fifth (interest of non-parties) is neutral. A stay is therefore necessary and appropriate here. Additionally, Defendant TopKey—the other new defendant in this case added by the filing of Fortis's Third Amended Complaint—has separately moved to dismiss based on lack of personal jurisdiction. (D.E. 164.) That two motions to dismiss for lack of personal jurisdiction remain pending strengthens the case for staying discovery while the Court considers them.

## II.    Alternatively, the Court should reset all discovery deadlines to allow Roofing USA to take meaningful discovery.

Roofing USA requests in the alternative that the deadline for the close of discovery be reset to nine months after the Court rules on its pending motion to dismiss, and that other deadlines in the January 9, 2026 amended scheduling order be extended accordingly. (*See* D.E. 124.) Roofing USA was added to this case over 15 months after the complaint was initially filed and approximately 3 months before the close of discovery. (*See* D.E. 1, 159, 124.) Given that this case has been ongoing for almost a year and a half and that the original discovery deadline was almost three months ago (before it was extended to August 31, 2026), there is likely a significant amount of discovery that has already taken place and that Roofing USA has to analyze. It would be impracticable for Roofing USA to issue interrogatories, document requests, third party subpoenas, take and defend depositions, and otherwise engage in the complete discovery process in less

than three months and while its motion to dismiss for lack of personal jurisdiction remains pending. If a stay is denied, Roofing USA should at least have the opportunity to engage in meaningful discovery. Roofing USA therefore makes this alternative request to extend all current discovery deadlines.

## CONCLUSION

For the reasons discussed above, the Court should issue an order staying all discovery until the pending Rule 12(b)(2) motions to dismiss are decided. Alternatively, the Court should reset the deadline for the close of discovery to nine months after the Court rules on Roofing USA's motion to dismiss (and extend all other case deadlines accordingly).

Date: June 9, 2026

Respectfully submitted,

ROOFING USA, LLC

/s/ *Todd A. Rowden*
Todd A. Rowden
TAFT STETTINIUS & HOLLISTER LLP
111 East Wacker Drive, Suite 2600
Chicago, IL 60601
Telephone: (312) 527-4000
Facsimile: (312) 527-4011

*Counsel for Defendant Roofing USA, LLC*

9

## CERTIFICATE OF SERVICE

I hereby certify that on the date listed below, I filed the foregoing document with the Clerk of the Court using the Court's CM/ECF filing system, which will send notice of such filing to all counsel of record.

Date: June 9, 2026

/s/ *Todd A. Rowden*