Docusign Envelope ID: 712E399C-1EFB-87D9-83BA-0A0AAC17AB00

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:25-cv-00254-NYW-TPO

FW-CO, INC.,
d/b/a FORTIS WARRANTY,

      Plaintiff and Counter-Defendant,

RICHARD LEWIS,

      Counter-Defendant,

v.

CHARLES SCHULZ,
DAVID SCHUPMANN,

      Defendants and Counter-Claimants,

TRIDENT SOLUTIONS
OF SUGAR GROVE, LLC; ROOFING USA, LLC; and
INSTALLATION SERVICES LLC d/b/a TOPKEY CONSTRUCTION,

      Defendants.

---

**DECLARATION OF RICHARD LEWIS IN SUPPORT OF FW-CO, INC.'S RESPONSE
TO TOPKEY CONSTRUCTION'S MOTION TO DISMISS**

---

I, Richard Lewis, hereby declare, pursuant to 28 U.S.C. § 1746, as follows:

1.     I am over 18 years of age, of sound mind, and I am otherwise competent to make this Declaration. Everything in this Declaration is based on my own personal knowledge.

2.     I am the Chairman and CEO of FW-CO, Inc., d/b/a Fortis ("Fortis").

3.     I reside in Cherry Hills Village, Colorado.

Docusign Envelope ID: 712E399C-1EFB-87D9-83BA-0A0AAC17AB00

4.     Fortis's headquarters were previously located at 50 South Steele Street, Suite 375, in Denver, Colorado and are currently located at 6400 South Fiddlers Green Circle, Suite 420, Greenwood Village, Colorado.

5.     Fortis has been doing business with Installation Services, LLC ("TopKey") since at least May of 2020. **Exhibit 1** is a true and correct copy of an email that was housed on Fortis's email server and was maintained as business records by Fortis.

6.     I hired Dave Schupmann ("Schupmann") to work for Fortis as the SVP of Sales & Marketing on February 27, 2018. He was promoted to Chief Operating Officer in October of 2021. His employment was ultimately terminated for misconduct on December 24, 2024. While employed by Fortis, Schupmann's company email address was dschupmann@fortis.us.com

7.     Schupmann hired Charles Schulz ("Schulz") to work for him in the sales and marketing group at a Senior Accounts Manager in June of 2018. Schulz's employment was ultimately terminated for misconduct on August 9, 2024. While employed by Fortis, Schulz's company email address was cschulz@fortis.us.com.

8.     Fortis kept copies of its contracts in the ordinary course of business. **Exhibit 2** is a true and correct copy of an email thread involving a Fortis employee at the time, Shannon Dinsale, Solutions Center Director. The email had, attached, a true and correct copy of the Mutual Confidentiality and Non-Disclosure Agreement between Fortis and TopKey, which TopKey's Director of Operations, Nancy Dyer, signed on its behalf on June 28, 2022.

9.     **Exhibit 3** is a true and correct copy of an email housed on Fortis's email servers, kept in the ordinary course of business. This email reflects communications between Dan Schardt ("Schardt"), President of Installation Services (TopKey) and my then employee, Schulz, on April 12, 2023. The email also contains communications, lower in the thread, between Schulz and a Fortis customer, Whiting-Turner, taking place in March and April of 2023.

10.    **Exhibit 4** is a true and correct copy of an email housed on Fortis's email servers, kept in the ordinary course of business. It shows communications between Schardt, Schulz, and Whiting-Turner regarding the Park Shirlington project, with Schardt writing that TopKey was "fine and ready to move towards the full contract" for the Park Shirlington project.

11.    **Exhibit 5** is a true and correct copy of an email housed on Fortis's email servers, kept in the ordinary course of business. It contains messages about the Park Shirlington project and includes Schulz describing TopKey ("IS") as "our partner" and has Schardt responding affirmatively to the plan to have a "successful project" and them "getting contracts out the door."

2

Docusign Envelope ID: 712E399C-1EFB-87D9-83BA-0A0AAC17AB00

12.    **Exhibit 6** is a true and correct copy of emails that I sent and received with Schardt on August 31,2023, September 1, 2023, and September 6, 2023. I was located in Colorado when I sent and received these emails. In his emails to me, Schardt affirmed the existence of a contract between Fortis and TopKey, and he attached a copy of it. Moreover, he threatened me with "financial losses" and told me, "I have not accepted your note to terminate the contract, so you are still liable."

13.    **Exhibit 7** is a true and correct copy of documents that Schulz produced in discovery in this case. It appears to reflect emails sent on or around May 8, 2024, containing edits to a "referral agreement" between Defendant Trident Solutions of Sugar Grove LLC and Installation Services by HCR, LLC. Of note, Section 10 of the Agreement on page 4 references Fortis, accurately stating that as of May 2024, both Schulz and Schupmann were "current . . . employees of Fortis" and stating our address accurately as being in "Denver, Colorado" even though it leaves out the word "Steele" when it sets forth Fortis's address.

14.    **Exhibit 8** and **Exhibit 9** are true and correct copies of emails that were produced by Defendant Charles Schulz in discovery in this case.

15.    **Verification of Complaint**: I personally authorized the filing of Fortis's Third Amended Complaint and Jury Demand [ECF 153] and its exhibits (the "Complaint"). I have reviewed the allegations made in the Complaint, and as to those allegations of which I have personal knowledge, I believe them to be true. As to those few allegations of which I do not have personal knowledge—which are identified as being based on "information and belief," I reasonably believe them to be true based on reliable information that includes Fortis's business records, documents produced in this case, witness accounts, publicly available information, common sense, and plausible inferences from facts.

I declare under penalty of perjury that the foregoing is true and correct.

7/14/2026

Executed on _____ [DATE].

Signed by:

*Richard M. Lewis*

8BFD5E7F75C44D7...

_____

Richard Lewis