**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action.: 1:25-cv-00254-NYW-TPO

FW-CO, INC., d/b/a FORTIS WARRANTY,

 Plaintiff and Counter-Defendant,

RICHARD LEWIS,

 Counter-Defendant,

v.

CHARLES SCHULZ;
DAVID SCHUPMANN;

 Defendants and Counterclaimants,

TRIDENT SOLUTIONS OF SUGAR GROVE, LLC;
ROOFING USA, LLC; and
INSTALLATION SERVICES, LLC d/b/a TOPKEY CONSTRUCTION,

 Defendants.

---

**DEFENDANT / COUNTERCLAIMANT CHARLES SCHULZ'S REPLY IN SUPPORT
OF HIS JOINDER TO ROOFING USA'S MOTION TO STAY DISCOVERY**

---

COMES NOW Defendant / Counterclaimant Charles Schulz ("Schulz"), by and through his attorneys, Dworkin, Chambers, Williams, York, Benson & Evans, P.C., and hereby submits the following Reply in Support of Defendant Roofing USA, LLC's Motion to Stay Discovery [ECF 167] and Schulz's Joinder in the Motion to Stay [ECF 179].

**GENERATIVE AI USE CERTIFICATION**

The undersigned counsel hereby certifies that generative artificial intelligence was not used to draft this filing.

1

## BACKGROUND

Important to Roofing USA, LLC's ("RUSA") Motion to Stay Discovery [ECF 167] are two (2) motions to dismiss for lack of jurisdiction. The first was filed on June 4, 2026, by Defendant Installation Services, LLC d/b/a Topkey Construction ("Topkey") [ECF 164]. The second was filed on June 9, 2026, by Defendant RUSA [ECF 169].

As a result, on June 9, 2026, Roofing USA, LLC ("RUSA") filed its Motion to Stay Discovery pending the resolution of its Motion to Dismiss [ECF 167]. On June 29, 2026, Schulz filed his Response / Joinder in Support of RUSA's Motion to Stay Discovery [ECF 179]. On July 14, 2026, Plaintiff FW-CO, Inc. d/b/a Fortis Warranty ("Fortis") filed its Response in Opposition to RUSA and Schulz's Motion to Stay Discovery [ECF 186].

In its Response, Fortis primarily argues that RUSA and Schulz have failed to meet their "heavy burden" justifying a stay of discovery. In reaching this conclusion, Fortis fails to adequately address (1) the likelihood of duplicative discovery given pending motions to dismiss, and (2) the specific prejudice the parties will suffer if discovery is permitted to continue.

Schulz has no intention of evading discovery, but instead, seeks to avoid conducting discovery twice. Such circumstances justify a *temporary* stay of discovery until resolution of RUSA's and Topkey's Motions to Dismiss, and will ensure efficient judicial process, and avoid undue expense to all parties.

## LEGAL STANDARD

Rule 26(c) "permit[s] the court to 'make any order which justice requires to protect a party … from annoyance, embarrassment, oppression, or undue burden or expense.'"

*String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 1:02-CV-01934-LTB-PA, 2006 WL 894955, at *2 (D. Colo. March 30, 2006) (citing Fed. R. Civ. P. 26(c) (2005)). "[S]ubjecting a party to discovery when a motion to dismiss for lack of personal jurisdiction is pending may subject him to undue burden or expense, particularly if the motion to dismiss is later granted." *Id*.

## ARGUMENT

**I.    Proceeding With Discovery Will Result in a Second Round of Discovery in Which Schulz Will Suffer Undue Burden and Expense**

Good cause exists to temporarily stay discovery. If depositions or written discovery go forward now without the participation of RUSA and Topkey, and their motions to dismiss are later denied, the parties will be forced to re-take depositions to permit questioning by RUSA and Topkey, and to re-do or supplement written discovery. Specifically, costs to Schulz will be the most significant as he is the only Defendant likely to participate in discovery absent a stay for all parties.[1]

It is important to note that Schulz is not seeking to stay any pending discovery matters. Schulz continues to actively meet his existing discovery obligations. Plaintiff and Schulz have conferred regarding Plaintiff's July 7, 2026, written discovery deficiency letter. On July 28, 2026, Schulz responded to Plaintiff's deficiency letter and produced over 2,500 pages of supplemental documentation and is providing supplemental written discovery responses and additional documents in response to Plaintiff's Requests for

---

[1] Proceedings against Defendant David Schupmann have been stayed, pursuant to a pending bankruptcy case, and Defendant Trident Solutions of Sugar Grove, LLC has effectively defaulted.

Production. Schulz seeks only to stay depositions and new written discovery until the Court rules on the new Defendants' pending motions to dismiss.

"Courts have routinely recognized that discovery may be inappropriate while issues of immunity or jurisdiction are being resolved." *William Powers v. Emcon Assoc., Inc.*, No. 14-cv-03006-KMT, 2015 WL 3961079, at *2 (D. Colo. June 29, 2015). Plaintiff has an interest in proceeding expeditiously with its claims; however, this interest is outweighed by the burden Defendants would face if discovery were to proceed without resolving the outstanding issue of jurisdiction. *See id*.

In evaluating similar circumstances, the Court in *String Cheese Incident* held a thirty (30) day stay of discovery was appropriate and did not prejudice either party. *String Cheese Incident,* 2006 WL 894955, at *2-3. Here, a longer stay of discovery is likely appropriate given that RUSA's and Topkey's motions to dismiss have not been fully briefed.

## II.  A Piecemeal Stay Would Result in Unnecessary Complexity, and a Stay of Discovery Should Apply to All Defendants

Any stay of discovery should apply to all parties to avoid the complexity of a piecemeal stay. The Court in *William Powers* comes to similar conclusion, and provides the following:

> [I]n this court's experience, piecemeal stays are unwieldy as they often result in complicated disputes over the proper scope of discovery during the stay. Thus, in the court's view, the question is whether or not to stay all discovery. In light of the fact that Defendants' Motion to Dismiss raises a jurisdictional issue as to two of the three defendants and could also dispose of this action if granted in its entirety, the court is persuaded to grant a stay.

4

2015 WL 3961079, at *2 n.1. Determining the specifics of a piecemeal stay would have the unnecessary effect of burdening judicial and party resources. Instead, a temporary stay of all discovery until resolution of the pending motions to dismiss is a logical remedy permitting the Court, and all parties, to preserve time and costs. *See id.* at *3.

### CONCLUSION

WHEREFORE, in reliance on RUSA's Motion to Stay and the arguments set forth above, Defendant / Counterclaimant Charles Schulz respectfully asks the Court to GRANT Defendant Roofing USA, LLC's Motion to Stay Discovery, and stay all discovery in this action pending resolution of RUSA's and Topkey's motions to dismiss.

RESPECTFULLY submitted this 5th day of August 2026.

DWORKIN, CHAMBERS, WILLIAMS,
YORK, BENSON & EVANS, P.C.

*/s/ Gary J. Benson*
Gary J. Benson
Denesh Chukkapalli
3900 E. Mexico Ave., Suite 820
Denver, CO 80210
(303) 584-0990
(303) 584-0995 (facsimile)
gbenson@dnvrlaw.com
dchukkapalli@dnvrlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on August 5, 2026, I electronically filed the foregoing **DEFENDANT / COUNTERCLAIMANT CHARLES SCHULZ'S REPLY IN SUPPORT OF HIS JOINDER TO ROOFING USA'S MOTION TO STAY DISCOVERY** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all parties of record.

*/s/ Gary J. Benson*
Gary J. Benson
DWORKIN, CHAMBERS, WILLIAMS,
YORK, BENSON & EVANS, P.C.