**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:25-cv-00254-NYW-TPO

FW-CO, INC. d/b/a FORTIS WARRANTY,

　　　Plaintiff/Counter-Defendant,

RICHARD LEWIS,

　　　Counter-Defendant,

v.

CHARLES SCHULZ;
DAVID SCHUPMANN,

　　　Defendants/Counter-Claimants,

TRIDENT SOLUTIONS OF SUGAR GROVE, LLC;
ROOFING USA, LLC; and
INSTALLATION SERVICES LLC d/b/a TOPKEY CONSTRUCTION,

　　　Defendants.

## REPLY IN SUPPORT OF ROOFING USA'S MOTION TO STAY DISCOVERY

"Questions of jurisdiction . . . should be resolved at the earliest stages of litigation, so as to conserve the time and resources of the Court and the parties." *Burkitt v. Pomeroy*, No. 15-CV-02386-MSK-KLM, 2016 WL 696107, at *1 (D. Colo. Feb. 22, 2016). Thus, "[c]ourts have recognized that a stay is warranted while the issue of jurisdiction is being resolved." *Sallie v. Spanish Basketball Fed'n*, No. 12-cv-01095-REB-KMT, 2013 WL 5253028, at *2 (D. Colo. Sept. 17, 2013). Rather than engage with the specific context at issue here—two Defendants' separate, pending motions to dismiss for lack of personal jurisdiction—Fortis attempts to distract by violating several Court rules, baselessly insinuating that defense counsel's law firm has committed some kind of misconduct, and repeatedly discussing its views on the merits of its claims. But Fortis cannot change the fact

that Roofing USA (joined by Defendant Schulz[1]) has shown that a stay of discovery is appropriate while the Court considers the pending motions to dismiss for lack of jurisdiction. The Court should therefore grant Roofing USA's motion here.

**I.    Portions of Fortis's filings should be disregarded for failure to follow this Court's rules.**

Fortis's filings opposing Roofing USA's motion to stay violate multiple Court rules and procedures. First, Fortis appears to have filed an oversized brief in violation of Section V.2 of the Court's Uniform Civil Practice Standards of the United States Magistrate Judges, which requires response briefs to be no more than 15 pages without prior authorization from the Court. *See Ass'n Voice, Inc. v. Athomenet, Inc.*, No. 10-CV-00109-CMA-MEH, 2010 WL 3086113, at *2 (D. Colo. Aug. 5, 2010). Fortis sought no authorization from the Court and did not meet and confer with Roofing USA over extending the page limit for its brief. Papers that do not comply with the Civil Practice Standards and the Local Rules of the Court "may be denied without prejudice or stricken *sua sponte.*" *See Homewatch Int'l, Inc. v. Pac. Home Care Servs., Inc.*, No. 10-CV-03045-REB-KLM, 2011 WL 1660612, at *5 n.6 (D. Colo. May 2, 2011).

Second, Exhibits 3 and 4 to Fortis's response are documents produced by Schulz marked "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER." (Pl.'s Ex. 3, D.E. 186-3; Pl.'s Ex. 4, D.E. 186-4.) Yet Fortis filed them on the public docket, which appears to violate the protective order entered in this case, stating that the parties can disclose confidential information only to certain individuals as opposed to the public. (Stip. Protective Order, D.E. 66, § 6(b)); *see Digital Advert. Displays, Inc. v. Newforth Partners, LLC*, No.

---

[1] This case has been stayed as to Defendants Schupmann and Trident, and they have expressed no opinion about this motion.

12-CV-00682-WJM-MEH, 2014 WL 128010 (D. Colo. Jan. 10, 2014) (granting motion for sanctions and ordering fees and costs when counsel filed documents on public docket that should have been marked confidential per protective order).

In light of Fortis's violations of this Court's orders and rules, Roofing USA respectfully suggests that the Court disregard portions of Fortis's filings opposing this motion, as the Court deems appropriate.

## II.    Fortis distracts by focusing primarily on the merits of its claims and baselessly accusing defense counsel's law firm of misconduct.

Other large portions of Fortis's response should be disregarded because they are irrelevant to the inquiry here. Fortis spends several pages discussing its views of the merits of its claims and further arguing points relevant to personal jurisdiction rather than a stay. (Pl.'s Br., D.E. 186, at 3–6, 12–13.) Fortis also insinuates that Taft Stettinius & Hollister LLP (the firm that represents Roofing USA and Schupmann and previously represented Trident) somehow engaged in misconduct, asserting that "Taft helped [Schulz and/or Schupmann] create their secret side business (Trident), by authoring its Operating Agreement in September 2022 (**Exhibit 1)** and serving as 'Organizer' on its Articles of Organization (**Exhibit 2)**" and that "Taft advised Schupmann and Schulz pertaining to the legality of their decision to begin secretly working for RUSA while they were still employed at Fortis. **Exhibit 4**." (Pl.'s Br. at 4.)

Fortis's attempt to convert routine corporate-formation work and alleged legal advice into a sideshow about defense counsel is unsupported, improper, and immaterial to the pending motion. The question before the Court is whether discovery should be stayed under the governing stay factors. Because Fortis's accusations have nothing to do with those factors, they should be disregarded.

**III.    The *String Cheese* factors favor issuance of a stay here.**

The parties agree that the *String Cheese* factors govern the analysis regarding the appropriateness of a discovery stay. These factors include: "(1) plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 1:02-CV-01934-LTB-PA, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006).

**A.    Plaintiff's interests**

Fortis argues that it has an interest in proceeding expeditiously with this case and that a stay would prejudice it. It cites to *Webb v. Brandon Express Inc.*, No. CIVA. 09-cv-00792-WYD-BNB, 2009 WL 4061827, at *2 (D. Colo. Nov. 20, 2009), for the proposition that there would be "injurious consequences" if the Court granted the stay. However, *Webb* was a simple automobile accident case, not a complex case actively litigated for a year and a half involving seven parties and eleven claims. This case has so far seen a defendant file bankruptcy (D.E. 150), another defendant become an inactive corporate entity without assets (D.E. 152), depositions, and discovery disputes, among other things. In *Webb*, the motion to dismiss was only the eighth docket entry in the case, meaning the defendants did not have to invest significant time or effort integrating into the case. Here, TopKey and Roofing USA's motions to dismiss are docket entries 164 and 169, respectively. A lot more has happened here than in *Webb*. Conducting discovery in this matter would require the new Defendants, Roofing USA and TopKey, to expend substantial resources getting up to speed.

The other case cited by Fortis, *MacMillan v. Rural Partners in Med., LLC*, No. 1:23-

4

cv-00216-RMR-SBP, 2024 WL 415455, at *1 (D. Colo. Feb. 5, 2024), is also inapposite. That case involved a motion to stay while a Rule 12(b)(6) motion to dismiss some, but not all, claims against a party was pending. Rule 12(b)(2) motions to dismiss are assessed differently than Rule12(b)(6) motions to dismiss and are frequently granted. (*See* D.E. 167, Mot. to Stay Disc., at 5–6.) And the nature of a Rule 12(b)(6) motion to dismiss *in part* guarantees that some discovery will be taken regardless of the motion's outcome.

Fortis also claims that witnesses' memories will fade and be less valuable if the stay is granted. However, Fortis has already taken the deposition of Roofing USA's CEO Brian Tice, so his testimony is preserved. Lastly, Fortis argues that it would be prejudiced by a stay because delays would "perpetuate Defendants' ongoing interference with Fortis's customer and business relationships." (Pl.'s Br. at 9.) This, like Fortis's entire brief, presumes its views of the merits of its claims are correct. This cannot be assumed at this stage, and the merits are not relevant to the *String Cheese* factors. *Vora v. Dionne*, No. 22–CV–00572–CNS–MDB, 2022 WL 14813723, at *2 (D. Colo. Oct. 26, 2022) ("Plaintiff is assuming what the Court cannot assume—that he will prevail on the pending motion to dismiss and on the merits of the case."); *see Est. of Thakuri by & through Thakuri v. City of Westminster*, No. 19-CV-02412-DDD-KLM, 2019 WL 6828306, at *2 (D. Colo. Dec. 12, 2019) ("[E]xamining the merits of Plaintiff's claim against Defendant Bare on a motion to stay discovery would essentially require adjudication of the dispositive motion at the same time, thus negating the entire purpose of the motion to stay and inappropriately usurping the District Judge's authority to determine the merits of the Motion to Dismiss.").

What can be assumed is that discovery will result in increased expenses for Roofing USA and the other parties. If the Court determines there is no personal jurisdiction

over Roofing USA, these avoidable expenses will have been unnecessary. Moreover, if a stay is granted, Fortis can continue conducting its business while this litigation proceeds, resulting in no prejudice to it. "Indeed, discovery itself can be resource-intensive and result in time away from Plaintiff's . . . work" conducting its business. *Vora*, 2022 WL 14813723, at *2.

### B.    Burden on Defendants

The second factor "support[s] the imposition of a brief stay pending resolution of Defendants' motion to dismiss, particularly given that the motion raises a threshold jurisdictional challenge to the entire case." *Vora*, 2022 WL 14813723, at *3. Proceeding with discovery when a motion to dismiss for lack of personal jurisdiction is pending is not an "ordinary burden[ ] associated with discovery" as Fortis claims. (Pl.'s Br. at 9 (quoting *MacMillan*, 2024 WL 415455, at *4).) As noted above, the defendants in *MacMillan* did not move to dismiss all claims. *Id.* at *1. Discovery was therefore warranted because litigation had to proceed against those defendants that moved to dismiss regardless. Here, the motion to dismiss, if granted, will result in Roofing USA no longer being a party in this case. *String Cheese Incident*, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006) ("[S]ubjecting a party to discovery when a motion to dismiss for lack of personal jurisdiction is pending may subject him to undue burden or expense, particularly if the motion to dismiss is later granted.").

Fortis also argues that Roofing USA is not a minor participant in this case even though the terms Roofing USA or Defendants (as referenced to include Roofing USA and not the "Trident Defendants" or the individual Defendants) only appear in approximately

10 of the 112 factual allegations.[2] This fact is not irrelevant. Fortis brought Roofing USA into this matter a year after the original complaint was filed and only mentions Roofing USA (or collectively Defendants) briefly in its factual allegations, which shows Roofing USA's minor involvement. Fortis argues that the allegations are nonetheless serious, but the four allegations to which Fortis cites, including that Roofing USA knew Fortis was a competitor and Roofing USA obtained "corporate opportunities" that were taken from Fortis, are vague. (Pl.'s Br. at 10.) They lack specificity as to Roofing USA's involvement indicating that Roofing USA's role, if any, is insignificant.

Roofing USA's addition to the case as a Defendant fundamentally changes its role, regardless of prior subpoenas or involvement of counsel representing another Defendant. Responding to a subpoena is not equivalent to being named as a party. Roofing USA has not conducted discovery, been served any discovery, or participated in motion practice before being named a party. Its obligations are heightened as a party, and it will still have to expend significant time and resources gathering information for written discovery and engaging in additional depositions if it is required to engage in discovery pending its motion to dismiss.

### C.    Convenience to the Court

While a stay of discovery will by definition delay this litigation, the potential discovery disputes in this already contentious matter will require the court to expend additional

---

[2] Fortis claims that Roofing USA "ignores" the term "Defendant" when it calculated the number of times Roofing USA is referenced in the factual allegations of the Complaint. (Pl.'s Br. at 10.) This is incorrect. Roofing USA's calculation included references to "Defendants" as a whole (not other subgroups, like the Trident Defendants or individual Defendants) (*see* 3d Am. Compl. ¶¶ 35, 71, 73, 131–38, 140–42). Also, Fortis' calculation is in reference to the Complaint as a whole and not the "factual allegations" section, on which Roofing USA's calculation was based.

time and resources. As evidenced by the over 170 docket entries and noted by Fortis that this the judge and magistrate judge have already "invested substantial resources in managing" this matter, new disputes will almost certainly arise. (Pl.'s Br. 13–14.) A stay of discovery would stop further action and produce fewer administrative inefficiencies instead of requiring the court to resolve future disputes. "[A]ny inconvenience in rescheduling the docket is outweighed by the potential waste of judicial resources if discovery were to proceed in the absence of jurisdiction." *Eagle Ford, LLC v. Texas Quality Well Serv., LLC*, No. 17-CV-02141-KMT, 2017 WL 11635035, at *2 (D. Colo. Nov. 16, 2017).

### D.    Third parties

Fortis's argument that third-party interests are implicated here is unpersuasive. It claims that "other companies, employers, and the public at large" have an interest in ensuring individuals are held accountable. (Pl.'s Br. at 14.) That can be said in any litigation. For a breach of contract case, a plaintiff could argue that pursing the action would deter future breachers. For a car accident case, a plaintiff could argue that pursing the action would deter future automobile negligence. This broad statement also assumes wrongdoing by the Defendants, which, again, is improper at this stage. Similarly, the public has no interest besides general interests of avoiding the public expense of the court's involvement in discovery in a case that may be dismissed as to Roofing USA and TopKey.

Overall, given the complexity of the case, including the number of defendants, claims, previous docket activity, along with the fact that the deposition of Roofing USA's CEO has already been taken, preserving his testimony, the *String Cheese* factors favor a stay of discovery pending the resolution of the two motions to dismiss.

IV.  **Fortis's throwaway alternative request for jurisdictional discovery is untimely and vague.**

Fortis submitted over 17 pages of ink (well over the limit) opposing Roofing USA's motion to dismiss for lack of personal jurisdiction. (D.E. 187.) Not once did it even suggest that jurisdictional discovery is necessary to resolve that motion. In responding to this motion to stay, however, Fortis includes a vague, alternative request for jurisdictional discovery at the end of its brief. (Pl.'s Br. 15–16.) The Court should deny this request because Fortis failed to file a separate motion. L.R. 7.1(d) ("A motion shall not be included in a response or reply to the original motion. A motion shall be filed as a separate document.").

In any event, Fortis declines to specify what specific discovery or documents it would seek if this request were granted. It simply states that through its second subpoena to Roofing USA, Fortis "sought documents on [Roofing USA's] Colorado-directed conduct and details about its engagement of then-employed Schupmann and Schulz, solicitation of Fortis-cultivated accounts, and receipt of Fortis materials" and argues that Roofing USA did not respond as fulsomely as Fortis would have liked. (Pl.'s Br. at 16.) It appears the only information here that is pertinent to personal jurisdiction is documents about Roofing USA's alleged Colorado-directed conduct. But this is vague. Fortis does not specify *what* documents or which request in the subpoena this relates to. And the Tenth Circuit has cautioned against this whole idea, noting that a request for documents about the frequency and degree of the individual's contacts with Colorado is, at best, irrelevant and, at worst, a "fishing expedition." *Grynberg v. Ivanhoe Energy, Inc.*, 490 F. App'x 86, 105 (10th Cir. 2012). Here too, the requested information is irrelevant or so broad that it appears to be a fishing expedition, especially in light of the half-hearted nature of Fortis's request here. *See Vora*, 2023 WL 4899568, at *7 ("[M]ere speculation that discovery

9

might turn up something that might help [the plaintiff] satisfy his burden to establish personal jurisdiction over" the defendant "is insufficient."). Thus, like in *Grynberg*, the request for jurisdictional discovery should be denied.

## V.    Conclusion

For the reasons discussed above and in Roofing USA's initial brief, the Court should grant this motion and stay discovery until after it rules on Roofing USA's motion to dismiss for lack of personal jurisdiction.

**GENERATIVE AI USE CERTIFICATION**

The undersigned counsel certifies that generative artificial intelligence was not used to draft this filing.


Date: August 7, 2026                    Respectfully submitted,

                                        ROOFING USA, LLC

                                        /s/ *Todd A. Rowden*
                                        Todd A. Rowden
                                        TAFT STETTINIUS & HOLLISTER LLP
                                        111 East Wacker Drive, Suite 2600
                                        Chicago, IL 60601
                                        Telephone: (312) 527-4000
                                        Facsimile: (312) 527-4011
                                        trowden@taftlaw.com

                                        *Counsel for Defendant Roofing USA, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on the date listed below, I filed the foregoing document with

the Clerk of the Court using the Court's CM/ECF filing system, which will send notice of

such filing to all counsel of record.


Date: August 7, 2026


/s/ *Todd A. Rowden*